UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHELLE HAASBROEK,

    Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.,
STEINER TRANSOCEAN LIMITED,
STEINER LEISURE LIMITED,
STEINER TRANSOCEAN U.S., INC.,
and EDDIE YAMILE SANTA CRUZ REYES

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, Steiner Transocean Limited, Steiner Leisure Limited, and Steiner Transocean U.S., Inc. ("Steiner") remove this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami Dade County, Florida, and state:

### Grounds for Removal

1. This matter is removable pursuant to 9 U.S.C. §205 because the parties seek to compel this matter to arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention Act" 9 U.S.C. §§201–08).

2. Michelle Haasbroek ("Plaintiff"), a South African citizen, was a spa facialist employed by Steiner. [*See* Complaint ¶1), attached as Exhibit 1].

3. Plaintiff alleges that on June 9, 2014, nonconsensual sex occurred between her and a seaman while working aboard the cruise ship *Crown Princess*. [Exhibit 1 ¶12].



CASE NO.:

4.      Plaintiff's employment with Steiner was governed by the terms of an Employment Agreement. [*See* Employment Agreement, attached as Exhibit 2]. The terms of the Employment Agreement contain an arbitration clause, which reads in part:

(a)     This Agreement shall be governed by the laws of The Bahamas

(b)     … any and all disputes, claims or controversies whatsoever, whether in contract, regulatory, tort or otherwise, including but not limited to, constitutional, statutory, common law, intentional tort and equitable claims, as well as Jones Act and Wage Act claims, claims for negligence, unseaworthiness, maintenance and cure, failure to provide prompt, proper and adequate medical care, personal injury, death or property damage and whether accruing prior to, during or after the expiration of this Agreement (collectively "Disputes"), shall be resolved by final and binding arbitration. In addition, Employee agrees to arbitrate any and all disputes regarding the existence, validity, termination or enforceability of any term or provision in this Agreement. All arbitration between the parties shall be referred to and finally administered and resolved in Nassau, The Bahamas and administered by the American Arbitration Association ("AAA") under its international dispute resolution procedures ….

*See* Exhibit 2 at Article 16 (p. 11) (underline emphasis in original).

5.      The Employment Agreement is commercial in nature.

6.      The arbitration agreement is governed by the Convention, and its enabling legislation, 9 U.S.C §201 et seq.

7.      On or about May 17, 2017, Plaintiff filed a Complaint against Princess Cruise Lines, Ltd., Steiner Transocean Limited, Steiner Leisure Limited, and Steiner Transocean U.S., Inc. ("Defendants") in state court in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2017-011830-CA-01. [Exhibit 1].

8.      Removal of this action is proper. This Court has removal jurisdiction over this action according to the Convention Act and its enabling legislation. Under 9 U.S.C. §205:

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such



action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9. As explained above, the grounds for removal under the Convention Act are:

    a. There has been no trial of the state court action;

    b. Plaintiff is a citizen of South Africa;

    c. The Employment Agreement contains a mandatory arbitration agreement that requires arbitration of the subject claims;

    d. The Employment Agreement is commercial in nature;

    e. The place of the arbitration is Nassau, The Bahamas.

    f. Steiner has filed the applicable filing fee.

10. All defendants that have been properly joined and served consent to this removal.

11. This Court has jurisdiction over this action, and this case should be removed to the United States District Court for the Southern District of Florida, Miami Division.

## **Memorandum of Law**

Federal district courts may exercise removal jurisdiction over cases for which they have original jurisdiction. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002) (citing 28 U.S.C. §1441(a)). An action for which a district court has original jurisdiction "founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable . . ." *Id*. "Under §203 of the Convention Act, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."

Section 205's removal mechanism provides state court defendants, like Steiner, with arguably the broadest removal statute existing in the U.S. Code. Congress sought to have all Convention Act arbitration cases resolved in federal court due to the "concerns of international

comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes [which] underlie accession to the Convention." *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629 (1985)

Notwithstanding the savings to suitors clause, under §205 of the Convention Act, 'Where the subject matter of an action or proceeding in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the places where the action or proceeding is pending.'" *Id*. This Court has original jurisdiction over this matter to compel arbitration. *Bautista v. Star Cruises*, 396 F.3d 1189 (11th Cir. 2005); *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011).

A request to a federal district court to compel arbitration must be granted where, as here: 1) there is an agreement in writing to arbitrate the dispute; 2) the agreement provides for arbitration in the territory of a signatory to the Convention; 3) the agreement to arbitrate arises out of a commercial legal relationship; and 4) at least one party to the agreement is not a U.S. citizen or the agreement envisages performance aboard.  9 U.S.C. §§201-208; *Francisco v. Stolt Achievement MT,* 293 F.3d at 272 (5th Cir. 2002); *Freudensprung v. Offshore Technical Servs*., Inc., 379 F.3d 327, 339 (5th Cir. 2004).  Here, all prerequisites are met: 1) the Employment Agreement containing the arbitration agreement is in writing; 2) the Employment Agreement provides for arbitration in the Bahamas, a signatory to the Convention; 3) the arbitration agreement arises out of a commercial, legal relationship, *Bautista v. Star Cruises*, 396 F.3d 1289, 1300 (concluding that seamen employment contracts are commercial); *see also Lindo v. NCL*

*(Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011); and 4) Plaintiff is not a U.S. citizen. All of the Defendants have standing to invoke the arbitration provisions in the Employment Agreement signed by Plaintiff. In addition, it is well established that a nonparty to an arbitration contract may enforce an arbitration agreement when the claims against the nonparty are "based on the same facts and are inherently inseparable" from claims against a party to the arbitration contract. *See Escobal v. Celebration Cruise Operator, Inc.*, 482 F. App'x 475 (11th Cir. 2012); *see also J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F. 2d 315, 320 (4th Cir. 1988); *see also MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947–48 (11th Cir. 1999), *abrogated on other grounds* (compelling arbitration against a non-signatory because the non-signatory's claim was "inextricably intertwined" with his claims against the signatory). In sum, this case must be compelled to arbitration against all defendants.

As such, this Court has jurisdiction over this action, and this case must be removed to the Southern District of Florida.

WHEREFORE, Steiner respectfully requests that this Court remove the aforementioned action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Steiner is entitled.

    Respectfully submitted,

    MASE TINELLI
    *Attorneys for Defendant*
    2601 South Bayshore Drive, Suite 800
    Miami, Florida  33133
    Telephone:  (305) 377-3770
    Facsimile:   (305) 377-0080

    By:     /s/ *Caroline L. Milewski*
         CURTIS J. MASE



CASE NO.:

Florida Bar No. 478083
cmase@masetinelli.com
CAROLINE L. MILEWSKI
Florida Bar No. 111665
cmilewski@masetinelli.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Caroline L. Milewski*
CAROLINE L. MILEWSKI

CASE NO.:

## MICHELLE HAASBROEK V. PRINCESS CRUISE LINES, LTD. *et al*

### SERVICE LIST

**Jason R. Margulies, Esq.**
**Carol L. Finklehoffe, Esq.**
LIPCON, MARGULIES, ALSINA
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 373-3016
Fax: (305) 373-6204
jmargulies@lipcon.com
cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

18685//#104

MASE TINELLI