UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-22370-KMM

Michelle Haasbroek,

    Plaintiff,

v.

Princess Cruise Lines, Ltd.,
Steiner Transocean Limited,
Steiner Leisure Limited,
Steiner Transocean U.S., Inc.,
and Eddie Yamile Santa Cruz Reyes,

    Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE came before the Court upon Defendants Princess Cruise Lines, Ltd. ("Princess"), Steiner Transocean Limited, Steiner Leisure Limited, and Steiner Transocean U.S., Inc.'s Motion to Dismiss and Compel Arbitration (ECF No. 8) (the "Arbitration Motion") and Plaintiff Michelle Haasbroek's Response in Opposition and Motion for Remand (ECF No. 12) (the "Remand Motion" or "Opp."). Both motions are now ripe for review. For the reasons that follow, both motions are GRANTED IN PART AND DENIED IN PART.

**I.    BACKGROUND**

Michelle Haasbroek ("Plaintiff"), a South African citizen, was a spa facialist employed by Steiner Transocean Limited, Steiner Leisure Limited, and/or Steiner Transocean U.S., Inc. (collectively, the "Steiner Defendants"). *See* Notice of Removal Ex. 1 (ECF No. 1-1) (the "Complaint") ¶¶ 6, 8. On April 4, 2014, Plaintiff and Steiner Transocean Limited, a Bahamas company, executed an agreement labeled the Shipboard Employment Agreement (the "SEA"). *See* Notice of Removal Ex. 2 (ECF No. 1-2) ("SEA").

The SEA is governed by the laws of the Bahamas. *See* SEA at Article 16(a) (p. 11). The SEA also contains an arbitration clause (hereinafter, the "Arbitration Clause"), which reads in relevant part:

> [A]ny and all disputes, claims or controversies whatsoever, whether in contract, regulatory, tort or otherwise, including but not limited to, constitutional, statutory, common law, intentional tort and equitable claims, as well as Jones Act and Wage Act claims, claims for negligence, unseaworthiness, maintenance and cure, failure to provide prompt, proper and adequate medical care, personal injury, death or property damage and whether accruing prior to, during or after the expiration of this Agreement (collectively "Disputes"), shall be resolved by final and binding arbitration. In addition, Employee agrees to arbitrate any and all disputes regarding the existence, validity, termination or enforceability of any term or provision in this Agreement. All arbitration between the parties shall be referred to and finally administered and resolved in Nassau, The Bahamas and administered by the American Arbitration Association ("AAA") under its international dispute resolution procedures. . . .

*Id.* at Article 16(b) (p. 11).

On or about June 9, 2014, Plaintiff was employed as a spa facialist aboard the M/S Crown Princess (the "Vessel"). *See* Complaint ¶¶ 6–8. The Vessel was owned, operated, managed, maintained, and/or controlled by Princess. *See* Complaint ¶ 6. During the course of her employment, Plaintiff lived aboard the Vessel. *Id.* ¶ 10. On or about June 9, 2014, Defendant Eddie Yamile Santa Cruz Reyes, a Princess employee working aboard the vessel, allegedly raped Plaintiff. *Id.* ¶¶ 10–13, 42. As a result of the rape, Plaintiff became pregnant and gave birth to a child. *Id.* ¶¶ 14–15.

On or about May 17, 2017, Plaintiff filed this lawsuit in the Circuit Court for the 11th Judicial Circuit in and for Miami Dade County, Florida. *See generally id.* at 1–2. The action was originally titled *Michelle Haasbroek v. Princess Cruise Lines, Ltd., et al.*, case number 2017-011830-CA-01. *Id.*

In the Complaint—which is still the operative complaint in this action—Plaintiff lodges eight claims against Princess, the Steiner Defendants, and Reyes (collectively, "Defendants"). *See id.* These claims arise under the Jones Act, 46 U.S.C. § 30104. *See id.* ¶ 4. Specifically, in Counts I and II, Plaintiff brings negligence claims against the Steiner Defendants and Princess, respectively, for, *inter alia*, their failure to provide Plaintiff a safe place to work and reside aboard the Vessel and for their failure to assist Plaintiff in the aftermath of the rape. *See id.* ¶¶ 16–27. In Count III, Plaintiff lodges a claim of unseaworthiness against Princess on the grounds that the Vessel, *inter alia*, did not have a properly trained, instructed, or supervised crew, and did not have adequate security, security equipment, or policies to prevent rapes and/or sexual assaults. *See id.* ¶¶ 28–33. Plaintiff also lodges claims for the intentional tort of sexual assault against both Princess (Count V) and Reyes (Count VII), along with a claim of vicarious liability against Princess (Count IV) premised on the same conduct. *See id.* ¶¶ 34–43, 50–52. In Count VI, Plaintiff lodges a claim against the Steiner Defendants for failing to provide maintenance and cure to Plaintiff. *See id.* ¶¶ 44–49. In Count VIII, Plaintiff lodges a claim against all Defendants for wrongful birth, which was allegedly due to the Reyes's sexual assault, for which Princess is vicariously responsible, the negligence of the Steiner Defendants and/or Princess, and the unseaworthiness of Princess's vessel. *See id.* ¶¶ 53–58. All eight counts arise from the June 9, 2014 rape aboard the Vessel.

On June 26, 2017, the Steiner Defendants timely removed the action to federal court on the grounds that this matter is subject to arbitration pursuant to the Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").[1] *See* Notice of Removal (ECF No. 1); *see also* 9 U.S.C. § 205 ("Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may . . . remove such action . . . ."). Subsequently, Princess and the Steiner Defendants (collectively, the "Moving Defendants") moved to dismiss and compel arbitration in the Bahamas pursuant to the SEA. *See* Arbitration Motion (ECF No. 8) at 2–5.

Plaintiff opposes the Arbitration Motion, primarily on the ground that the Arbitration Clause within the SEA does not cover the subject matter of this action. *See* Opp. 3–14. Plaintiff concludes that because the Arbitration Clause is inapplicable, the Defendants have no other grounds for removal and this matter should be remanded. *Id.* at 14. In the alternative, Plaintiff argues that even if the Arbitration Clause covered claims against the Steiner Defendants, claims against Princess are not subject to arbitration and should be remanded because Princess is not a party to the SEA, and thus it may not compel arbitration under the Arbitration Clause. *See* Opp. 3–14.

## II. LEGAL STANDARD

The Convention requires courts of signatory nations, such as the United States, to give effect to private arbitration agreements and to enforce arbitral awards made in signatory nations. *See* United Nations Convention on the Recognition and Enforcement of Foreign Arbitral

---

[1] The Notice of Removal is timely because the Defendants served in the state action were served on or after May 25, 2017. *See Michelle Haasbroek v. Princess Cruise Lines, Ltd., et al.*, Case No. 2017-011830-CA-01 (Dkt. Nos. 15, 16, 17, 18, 19); *see also* 28 U.S.C. § 1446 ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

Awards, art. I(1), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3; *see also Sierra v. Cruise Ships Catering & Servs. Int'l, N.V.*, 631 Fed. Appx. 714, 715–16 (11th Cir. 2015). The United States enforces its agreement to the Convention's terms through Chapter 2 of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. §§ 201–208 (hereinafter, the "Convention Act").

The Convention Act "generally establishes a strong presumption in favor of arbitration of international commercial disputes." *Trifonov v. MSC Mediterranean Shipping Co. SA*, 590 F. App'x 842, 843 (11th Cir. 2014) (citation and quotation marks omitted). Relatedly, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1213 (11th Cir. 2011) (citation and quotation marks omitted).

In ruling on a motion to enforce an arbitration agreement under the Convention, a district court conducts a "very limited inquiry." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294–95 (11th Cir. 2005) (internal quotation marks and citations omitted). As a threshold matter, "[u]nder both the FAA and the Convention 'the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate' it." *Doe*, 657 F.3d at 1213 n.9 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). In other words, "the parties will not be required to arbitrate when they have not agreed to do so." *Id.* at 1214 (quoting *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419 (11th Cir. 1990)). That determination is guided by FAA principles. *Id.* at 1213 n.9.

Beyond that threshold consideration, a district court "must order arbitration" unless the four jurisdictional prerequisites are not met, or one of the Convention's affirmative defenses

applies.² *Bautista*, 396 F.3d at 1294–95. The jurisdictional prerequisites require that "(1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states." *Id.*

## III. DISCUSSION

"Subject matter jurisdiction in this case is ultimately dependent on the applicability of the" Arbitration Clause in the SEA.³ *See Wexler v. Solemates Marine, Ltd.*, No. 16-CV-62704, 2017 WL 979212, at *3 (S.D. Fla. Mar. 14, 2017). If the arbitration clause in the SEA is applicable to all of the claims at issue, including the claims made against the other Defendants, then the Court has subject matter jurisdiction to compel arbitration of all of those claims pursuant to the Convention and the Convention Act, 9 U.S.C. §§ 201–208. *See, e.g.*, *Pysarenko v. Carnival Corp.*, No. 14-20010-CIV, 2014 WL 1745048, at *8 (S.D. Fla. Apr. 30, 2014), *aff'd*, 581 F. App'x 844 (11th Cir. 2014). If, on the other hand, the arbitration clause of the SEA is not applicable to some or all of the claims at issue, then the Court does not have subject matter

---

² "The affirmative defenses authorized by the Convention have a 'limited scope' allowing parties to avoid arbitration only where the arbitration is 'null and void, inoperative or incapable of being performed' as those terms are defined within the Convention." *Polychronakis v. Celebrity Cruises, Inc.*, Civ. No. 08-21806, 2008 WL 5191104, at *2 (S.D. Fla. Dec. 10, 2008).

³ The sole ground for the Removal of this action is the Convention Act. *See* Notice of Removal (ECF No. 1) at 1–5. Moreover, Jones Act claims are generally not removable to federal court unless they properly fall within the scope of an arbitration clause under the Convention. *See Trifonov*, 590 F. App'x at 844–45 (Although "Jones Act claims are generally not subject to removal," such "claims may be subjected to arbitration under the Convention."); *Allen v. Royal Caribbean Cruise, Ltd.*, 2008 WL 5095412, at *3–4 (S.D. Fla. Sept. 30, 2008), *aff'd*, 353 Fed. Appx. 360 (11th Cir. 2009) (finding that a case could be "removed notwithstanding the Jones Act claims").

jurisdiction of those claims and those claims must be remanded. *See Wexler,* 2017 WL 979212 at *3; *see also, e.g.*, *Florian v. Carnival Corp.*, No. 10-CV-20721, 2010 WL 11527315, at *1 (S.D. Fla. May 25, 2010) (holding "case must be remanded" for lack of subject matter jurisdiction where removal of case was premised on existence of arbitration provision, but the arbitration provision did not cover claims in that action).

Plaintiff does not dispute that the Arbitration Clause found in the SEA satisfies the *Bautista* jurisdictional prerequisites. *See* Opp. at 1–14 (not addressing the Moving Defendants' arguments regarding *Bautista* factors); *see also* Arbitration Motion at 6–7.[4] Nor could Plaintiff do so. First, the SEA, which contains the Arbitration Clause, is a written agreement signed by Plaintiff. *See* SEA (ECF No. 1-2) at 13. Second, the Arbitration Clause provides that arbitration would occur in the Bahamas, which is a signatory to the Convention. *See id.* at 11–12; *see also Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1262 (11th Cir. 2011) (noting that the Bahamas is a signatory to the Convention). The third element is satisfied because "an employment contract is 'commercial'" within the meaning of the Convention. *See Bautista*, 396 F.3d at 1299. Finally, the fourth element is satisfied because Plaintiff is a citizen of South Africa and Steiner Transocean Limited is a Bahamian Corporation. *See* SEA at 1. Plaintiff also does not assert any affirmative defenses.

Instead, Plaintiff raises two arguments against compelling this action to arbitration. First, Plaintiff argues that she and Steiner Transocean Limited did not agree to arbitrate the claims in

---

[4] "When a party fails to address a specific claim, or fails to respond to an argument made by the opposing party, the Court deems such claim or argument abandoned." *Ramsey v. Bd. of Regents of Univ. Sys. of Georgia*, No. 1:11-CV-3862-JOF-JSA, 2013 WL 1222492, at *29 (N.D. Ga. Jan. 30, 2013), *aff'd*, 543 F. App'x 966 (11th Cir. 2013). Indeed, a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace." *Siegmund v. Xuelian*, No. 12-62539-CIV, 2016 WL 3186004, at *3 (S.D. Fla. June 8, 2016) (quoting *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999)).

this action because the event undergirding her claims (*i.e.* the rape) is unrelated to her employment. Opp. 2–6. Second, Plaintiff argues that Princess, as a non-signatory to the SEA, cannot compel arbitration based on the Arbitration Clause in the SEA. *See* Opp. 8–14. The Court considers each argument in turn.

    A. <u>The Scope of the Arbitration Clause</u>

Plaintiff argues that her "claims arising out of rape, sexual assault and sexual harassment are beyond the scope" of the Arbitration Clause, Opp. at 14, because the event undergirding her claims (*i.e.* the rape) lacks a "significant relationship" to her employment.[5] Opp. 2–6. In support, Plaintiff cites to a Fifth Circuit case, *Jones v. Halliburton Co.*, 583 F.3d 228 (5th Cir. 2009), for the proposition that, for a dispute to be subject to arbitration—even under a broad arbitration provision—the dispute must "touch matters" covered by the agreement. *See* Opp. at 3–5. Plaintiff contends that this requirement is not met here because, at the time of the rape, Plaintiff alleges that she was off-duty and in a residential area of the ship "far" from the area where she was assigned to carry out her contractual duties. *See* Opp. at 7–8.[6] As a result, Plaintiff contends she would be entitled to relief under the "exact same common law torts claims" if she were a passenger at the time of the rape. *See id.* at 6. Plaintiff concludes that the Arbitration Clause does

---

[5] Specifically, Plaintiff contends that six of her eight claims do not "depend[] on her employment status." Opp. at 2–6. According to Plaintiff, only two counts—Unseaworthiness as to Princess (Count III) and Failure to Provide Maintenance and Cure as to the Steiner Defendants (Count VI)—are employment-based claims, which are dependent upon the Plaintiff's status as a Steiner employee assigned to work aboard a Princess vessel. *See* Opp. at 2. The remainder of the claims are "common law tort claims which are not employment based and do not relate in any way to her Employment Contract." *Id.*

[6] Specifically, Plaintiff had allegedly gone to the cabin of Reyes—whom she had met in church and viewed as a strictly platonic friend—for the purpose of picking up his computer to bring it ashore for repair. *Id.*

8

not require arbitration of this action because her claims would exist "even in the absence of an employment relationship." *Id.* at 7.

The Court disagrees. At the outset, the Court notes that independent torts—including those involving rape—do not necessarily fall outside the scope of an arbitration clause in an employment agreement. *See, e.g.*, *Doe v. Royal Caribbean Cruises, Ltd.*, 365 F. Supp. 2d 1259, 1261–63 (S.D. Fla. 2005), *aff'd*, 180 F. App'x 893 (11th Cir. 2006) (holding that arbitration clause required court to compel arbitration of claims that "arose from a rape" experienced while Plaintiff was an employee on one of Defendant's vessels). In fact, the Eleventh Circuit has expressly indicated that an arbitration provision in an employment contract could cover claims that are not related to, or arising from, the plaintiff's employment—including those involving rape or sexual assault. *See Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d at 1218 (hereinafter, "*Doe*").

In *Doe*, the plaintiff was an employee aboard the M/S Star Princess, who similarly alleged that she was raped after-hours away from her place of employment aboard the ship,[7] and brought claims—including common law tort claims—against Princess. *Id.* 1211–13. Although the Eleventh Circuit held that some of the *Doe* plaintiff's claims were not subject to arbitration, the Court explicitly rested those claims' exclusion on language in the *Doe* arbitration provision that is not present in the Arbitration Clause in this case. *Id.* at 1218–19. Specifically, the *Doe* provision provided that Princess and Doe agreed to arbitrate "any and all disputes, claims, or controversies whatsoever . . . *relating to or in any way arising out of or connected with the Crew*

---

[7] The *Doe* Plaintiff worked as a bar server aboard the ship, and was raped in a crew cabin, which she entered in order to attend an after-hours birthday party. *Id.* at 1208–09.

9

*Agreement, these terms, or services performed for the Company . . . ." Id.* at 1214–15 (emphasis added).

The Eleventh Circuit found that "the plain language of the arbitration provision imposes the limitation that, to be arbitrable, the dispute between Doe and the cruise line must relate to, arise from, or be connected with her crew agreement or the employment services that she performed for the cruise line." *Id.* at 1217–18. The Court concluded that, although the FAA "requires expansive interpretation of arbitration agreements," a court's interpretation cannot come "at the expense of limiting language in contracts." *Id.* at 1217. In other words, the limitation described by the *Doe* Court—which Plaintiff contends exists here—was a function of the text of the arbitration clause in that case.

However, the limitation found in the *Doe* arbitration provision is clearly absent from the Arbitration Clause in this case. The Arbitration Clause in the SEA reads, in relevant part, as follows:

> [A]ny and all disputes, claims or controversies whatsoever, whether in contract, regulatory, tort or otherwise, including but not limited to, constitutional, statutory, common law, intentional tort and equitable claims, as well as Jones Act and Wage Act claims, claims for negligence, unseaworthiness, maintenance and cure, failure to provide prompt, proper and adequate medical care, personal injury, death or property damage and whether accruing prior to, during or after the expiration of this Agreement (collectively "Disputes"), shall be resolved by final and binding arbitration.

*See* SEA at Article 16(b) (p. 11). Noticeably absent from the Arbitration Clause is any limitation narrowing the scope to only those disputes, claims, or controversies "relating to or in any way arising out of or connected with the Crew Agreement, these terms, or services performed for the Company," *Doe*, 657 F.3d at 1218. In *Doe*, the Eleventh Circuit explicitly stated that an arbitration provision without that type of limitation would have resulted in the *Doe* claims being

10

compelled to arbitration. *See id.* ("If the cruise line had wanted a broader arbitration provision, it should have left the scope of it at 'any and all disputes, claims, or controversies whatsoever' instead of including the limitation that narrowed the scope to only those disputes, claims, or controversies 'relating to or in any way arising out of or connected with the Crew Agreement, these terms, or services performed for the Company.'"); *id.* ("That would have done it, but the company did not do that."). In other words, the Arbitration Clause in this case mirrors the language that the Eleventh Circuit expressly indicated would have been sufficient to compel arbitration of claims premised on an after-hours, off-duty, rape.

      Plaintiff's citations to (pre-*Doe*) decisions by the Fifth Circuit Court of Appeals and state courts in California, Kentucky, and West Virginia do not persuade this Court to deviate from the Eleventh Circuit's pronouncement. *Cf. In re Hubbard*, 803 F.3d 1298, 1309 (11th Cir. 2015) ("[C]ourts of this circuit are bound by the precedent of this circuit."). Moreover, these cases are inapposite.[8] For example, the arbitration clause in *Jones*—unlike the Arbitration Clause here—contains language expressly limiting its scope. *See Jones*, 583 F.3d at 231 ("[A]ny and all claims that you might have against Employer *related to your employment*, including your termination, and any and all personal injury claim[s] *arising in the workplace*, you have against other parent or affiliate of Employer, must be submitted to binding arbitration instead of to the court system." (emphasis added)).

---

[8] Plaintiff cites to the state court cases for the proposition that sexual assault does not arise out of, or relate to, an employment relationship. *See* Opp. at 5 (citing *Abou-Khalil v. Miles*, 2007 WL 1589456 at *2 (Cal. Dist. Ct.App. June 4, 2007) (unpublished); *Tolliver v. Kroger Co.*, 201 W.Va. 509, 498 S.E.2d 702,713 (1997); *Hill v Hillard*, 945 S.W. 2d 948, 952 (KY App. 1996)). Because the Arbitration Clause in this case does not limit arbitration to only claims arising from, or relating to, employment, this proposition is irrelevant.

Accordingly, Plaintiff has not proffered any meritorious argument that the Arbitration Clause excludes the instant claims because they are premised on allegations of rape. As a party to the SEA, which contains the Arbitration Clause, Steiner Transocean Limited is entitled to compel arbitration of the claims Plaintiff has brought against it. *See* SEA (ECF No. 1-2) at 11.

B. The Claims Against Non-Signatories to the SEA

Defendants Princess, Steiner Leisure Limited, and Steiner Transocean U.S., Inc., and Reyes are not signatories or parties to the SEA. *See id.* at 13; *see also id.* at 1 (defining the "Parties" to the agreement as "the Company"—which is defined as Steiner Transocean Limited—and the "Employee," which refers to Plaintiff).

Defendant argues that, even as non-signatories, Steiner Leisure Limited, Steiner Transocean U.S., Inc. (collectively, the "Remaining Steiner Defendants") and Princess, may enforce the Arbitration Clause. *See* Arbitration Motion at 10; Reply in Further Support of the Motion to Dismiss and Compel Arbitration ("Arbitration Reply") (ECF No. 16) at 8–10.[9] In response, Plaintiff argues only that Princess, as a non-signatory to the SEA, cannot compel

---

[9] Although the Arbitration Reply contains language stating that "all Defendants can rely on and enforce the arbitration provision," Arbitration Reply at 10, the arguments in both the Arbitration Reply and in the Arbitration Motion are tailored only to Princess and the Remaining Steiner Defendants—not Reyes. *See, e.g.*, *id.* at 9 ("the Complaint treats Princess and Steiner as jointly responsible for the very same alleged conduct to justify extending the arbitration clause to all Defendants."); Arbitration Motion at 8 ("Princess and the remaining Steiner entities may also enforce the arbitration provision in the Agreement signed by Plaintiff."). Because "the Court does not have before it a motion to compel arbitration of the claims against" Reyes, "the Court finds no occasion to compel the claims against [Reyes] to arbitration." *Wexler*, 2017 WL 979212 at *4. In any case, as Reyes is not yet served in this action, the Court may not compel claims against him to arbitration. *See also Regions Bank v. Britt*, 642 F. Supp. 2d 584, 588–89 (S.D. Miss. 2009) (concluding that motion to compel arbitration may not be granted as to the unserved defendant, but proceeding to consider the motion to compel arbitration as to the served defendant); *see also In re Coudert Bros. LLP*, No. 16-CV-8237 (KMK), 2017 WL 1944162, at *13 (S.D.N.Y. May 10, 2017) ("It is axiomatic that because Defendant was not properly served with the summons and complaint, the order compelling arbitration cannot be enforced as to Defendant.").

arbitration based on the Arbitration Clause in the SEA.[10] *See* Opp. 8–14. Relatedly, Plaintiff argues that any claims that are not arbitrable should be severed and remanded to state court because the sole ground for Defendant's removal of this action is the Convention Act, 9 U.S.C. § 205. *See id.*

The Moving Defendants argue that Princess and the Remaining Steiner Defendants may nevertheless enforce the Arbitration Clause for two reasons. *See* Arbitration Reply at 8–10. First, they argue that equitable estoppel permits these non-signatories to enforce the Arbitration Clause because Plaintiff's claims against Princess and the Remaining Steiner Defendants arise out of the same alleged incident (the sexual assault) and are intertwined with, or mirror, the claims against signatory Steiner Transocean Limited. *Id.* Second, the Moving Defendants argue that the SEA contemplates a non-signatory vessel owner such as Princess enforcing the Arbitration Clause. *Id.*

Generally "one who is not a party to an agreement cannot enforce its terms against one who is a party" because the "right of enforcement generally belongs to those who have purchased it by agreeing to be bound by the terms of the contract themselves." *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1168 (11th Cir. 2011). However, "a nonparty may force arbitration if the relevant state contract law allows him to enforce the agreement to arbitrate." *Id.* at 1170 (citation and internal quotation marks omitted). As a result, the "issue of whether a non-signatory to an agreement can use an arbitration clause in that agreement to force a signatory to

---

[10] Notably, Plaintiff does not contest, or otherwise respond to, Defendant's argument regarding the Remaining Steiner Defendants. Plaintiff does not argue that the Remaining Steiner Defendants lack the right to enforce the Arbitration Clause. As a result, Plaintiff has conceded that all of the Steiner entities have the right to enforce the Arbitration Clause. *See Ramsey*, 2013 WL 1222492 at *29 ("When a party fails to address a specific claim, or fails to respond to an argument made by the opposing party, the Court deems such claim or argument abandoned.").

arbitrate a dispute between them is controlled by state law." *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1354 (11th Cir. 2017).

The law of the Bahamas governs the SEA and the Arbitration Clause therein. *See* SEA at Article 16(a) (p. 11) ("This Agreement shall be governed by the laws of The Bahamas"). Accordingly, for purposes of determining whether a non-party could enforce the Arbitration Clause, the Court must apply the law of the Bahamas. *See, e.g.*, *Judge v. Unigroup, Inc.*, No. 8:17-CV-201-T-23TGW, 2017 WL 3971457, at *4 (M.D. Fla. Sept. 8, 2017) (applying Florida law where agreement stated it was governed by Florida law, applying Ohio law where agreement stated it was governed by Ohio law, and applying Virginia law where agreement stated it was governed by Virginia law); *see also Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 255 (5th Cir. 2014) ("The relevant Arizona law, made controlling by the Provider Agreement's choice-of-law clause, supports the non-signatory Defendants' motion to enforce the agreement to arbitrate against the Plaintiffs based on state-law equitable estoppel doctrine.").

However, the Moving Defendants make "no indication whatsoever that the contract law" of the Bahamas "recognizes the equitable estoppel doctrine in this context." *Wexler*, 2017 WL 979212 at *4. In *Wexler*, this Court denied a defendant's motion to compel arbitration premised on a theory of equitable estoppel because that defendant failed to argue that the law of the applicable jurisdiction (the Cayman Islands) recognized equitable estoppel. *See id.* at *5. The *Wexler* Court found this omission "significant" because that defendant had the burden of showing that an agreement compels the arbitration of the claims against it. *Id.* For the same reasons, the Court finds that the Moving Defendants have failed to satisfy their burden here: the Moving Defendants have not shown that, under the laws of the Bahamas, equitable estoppel would permit non-signatory Princess to enforce the arbitration clause. *See Newman v. Hooters of*

14

*Am., Inc.*, 2006 WL 1793541, at *2 (M.D. Fla. June 28, 2006) ("Defendants have the burden of producing the Arbitration Agreement and establishing the contractual relationship necessary to implicate the FAA and its provisions . . . ."); *see also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotation marks omitted)). Accordingly the Court rejects the Moving Defendants' arguments premised on equitable estoppel.

The Court also rejects the Moving Defendants' argument that the SEA "contemplates a non-signatory vessel owner such as Princess enforcing" the Arbitration Clause, *see* Arbitration Reply at 9. The Moving Defendants essentially argue that Princess may compel arbitration under the Arbitration Clause because one of the causes of action (unseaworthiness) that is listed as an example claim covered by the arbitration clause can be lodged only against a vessel and the vessel owner, like Princess. *Id.* This argument fails because it is not supported by the plain text of the arbitration clause, would lead to absurd results, and is devoid of legal support.

There is no indication in the text of the Arbitration Clause (or the entirety of the SEA) indicating that Princess—or any party other than Plaintiff and Steiner Transocean Limited—are empowered to enforce arbitration. The SEA defines the "Parties" to the agreement as only "the Company"—which is defined as Steiner Transocean Limited—and "Employee," which refers to Plaintiff. *See* SEA at 1. Similarly, the Arbitration Clause discusses only "arbitration between the parties" and provides only that "[t]he Company and Employee may initiate arbitration . . . ." *See id.* at 11.

15

The unseaworthiness claim listed is merely listed an example of the type of claim that would be subject to arbitration under the Arbitration Clause, which subjects "any and all disputes, claims or controversies whatsoever" to arbitration. *See id.* Moreover, unseaworthiness is one of over a dozen other examples, including "constitutional" claims. *Id.* By the Moving Defendants' logic, because constitutional claims—which are levied against governmental bodies—are included on this list, the SEA also contemplates governments enforcing the Arbitration Clause.

Finally, Moving Defendants provide no authority for the proposition that an arbitration clause may implicitly confer the right to enforce arbitration to a third party merely because the clause provides examples of arbitrable claims, and one of those example claims would not apply to the signatory party, but would apply to a third party.[11]

In light of the above, the Court finds that the Arbitration Clause provides the Steiner Defendants the right to compel arbitration because (a) the Arbitration Clause expressly provides Steiner Transcocean Limited the right to compel arbitration and (b) Plaintiff does not dispute or contest in any way the Moving Defendants' assertion that the Remaining Steiner Defendants could compel arbitration based on the same clause. Accordingly, pursuant to 9 U.S.C. § 206, the Court finds it appropriate to send Counts I, VI, and VIII against the Steiner Defendants to arbitration as set forth in the SEA. *See* 9 U.S.C. § 206 ("A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein

---

[11] Moreover, the law appears to contradict this proposition. *See, e.g.*, *Great Lakes Reinsurance (UK) PLC v. Sunset Harbour Marina, Inc.*, No. 10-24469-CIV, 2012 WL 6195149, at *4 (S.D. Fla. Dec. 12, 2012) ("A non-party is the specifically intended beneficiary *only if the contract clearly express[es] an intent to primarily and directly benefit the third party* . . . . To find the requisite intent, it must be established that the parties to the *contract actually and expressly intended to benefit the third party* . . . ." (internal quotation marks and citation omitted)).

provided for, whether that place is within or without the United States."). However, the Court finds that the Moving Defendants have failed to show that the remaining Counts (II, III, IV, V, VII, and VIII) against Princess and/or Reyes should be compelled to arbitration. Because this Court only has subject matter jurisdiction of this action under of the Convention Act, the Court hereby REMANDS the remaining claims to state court. *See Wexler*, 2017 WL 979212 at *3, *7.

**IV. CONCLUSION**

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that

(1) The Motion to Dismiss and Compel Arbitration (ECF No. 8) is GRANTED IN PART AND DENIED IN PART.

(2) The Motion for Remand (ECF No. 12) is GRANTED IN PART AND DENIED IN PART.

(3) The Court COMPELS arbitration as to Counts I, VI, and VIII against Steiner Transocean Limited, Steiner Leisure Limited, and Steiner Transocean U.S.

(4) The remaining claims against Princess and Reyes (Counts II, III, IV, V, VII, and VIII) are REMANDED to the Circuit Court for the 11th Judicial Circuit in and for Miami Dade County, Florida.

(5) All other pending motions are DENIED AS MOOT.

(6) The Clerk of the Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of December, 2017.

Kevin Michael Moore
Digitally signed by Kevin Michael Moore
DN: o=Administrative Office of the US Courts, email=k_michael_moore@flsd.uscourts.gov, cn=Kevin Michael Moore
Date: 2017.12.12 13:53:19 -05'00'

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc: All counsel of record